675 So.2d 590 (1996)
ST. PAUL FIRE & MARINE INSURANCE COMPANY, Petitioner,
v.
INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Respondent.
No. 85715.
Supreme Court of Florida.
June 20, 1996.
*591 Scott H. Michaud and James T. Ferrara of Michaud, Buschmann, Fox, Ferrara & Mittelmark, P.A., Boca Raton, for petitioner.
Daniel S. Pearson, Lucinda A. Hoffmann and Lenore C. Smith of Holland & Knight, Miami, for respondent.
SHAW, Justice.
We have before us Indemnity Insurance Company of North America's (IINA) motion to strike St. Paul Fire & Marine Insurance Company's (St. Paul) notice to invoke discretionary jurisdiction as untimely and to dismiss for lack of jurisdiction. We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution and Florida Rule of Appellate Procedure 9.120. We deny IINA's motion and hold that St. Paul's notice was timely.
IINA, an excess coverage carrier, sued Florida Medical Malpractice Joint Underwriting Association ("JUA")[1] and St. Paul[2] for bad faith in the investigation, evaluation, and negotiation of a malpractice claim against Miami Children's Hospital that resulted in a claim against IINA for which it paid $750,000. A jury returned a verdict against JUA and St. Paul, and the trial court entered judgments against them jointly and severally.
On January 18, 1995, the Fourth District Court of Appeal affirmed the trial court's judgment, and JUA filed a motion for rehearing which was denied April 20, 1995. Florida Medical Malpractice Joint Underwriting Ass'n v. Indemnity Ins. Co., 652 So.2d 1148 (Fla. 4th DCA 1995). St. Paul took no action with respect to the district court's affirmance until May 12, 1995, when it filed a notice to invoke this Court's discretionary jurisdiction.
IINA claims that St. Paul's notice was untimely because it was due "within 30 days of rendition of the order to be reviewed" but was not filed until 114 days after the district court opinion. Fla. R.App. P. 9.120(b). IINA further asserts that Florida Rule of Appellate Procedure 9.020(g)(1) controls here, and pursuant to the rule, JUA's motion for rehearing suspended rendition of the district court's order for JUA, but not for St. Paul. We disagree. Subdivision (g)(1) of rule 9.020 discusses the delay of rendition of an order in the context of post-trial motions and does not apply to the procedure to be used for appellate motions. Rule 9.020(g) was amended in 1992 to clarify the procedure to be followed in multiparty litigation, and states in pertinent part:
(g) Rendition (of an Order). An order is rendered when a signed, written order is filed with the clerk of the lower tribunal. However, unless another applicable rule of procedure specifically provides to the contrary, if a final order has been entered and there has been filed in the lower tribunal an authorized and timely motion for new trial or rehearing, clarification, or certification; to alter or amend; for judgment not withstanding verdict or in accordance with prior motion for directed verdict, or in arrest of judgment; or a challenge to the verdict, the following exceptions apply:
(1) If such a motion or motions have been filed, the final order shall not be deemed rendered with respect to any claim between the movant and any party against whom relief is sought by the motion or motions until the filing of a signed, written order disposing of all such motions between such parties.
Fla. R.App. P. 9.020(g)(1).
In In re Amendments to the Florida Rules of Appellate Procedure, 609 So.2d 516 (Fla. 1992), this Court explained that the 1992 amendment limits the scope of the rule to "authorized post-trial motions":
Subdivision (g) is further amended to clarify that, in a multiparty situation, a single *592 order can be "rendered" at different times depending upon when the trial court resolved authorized post-trial motions between particular parties.
Id. at 517.
The Court based its explanation on the Report of The Florida Bar Appellate Court Rules Committee which indicated that in formulating the amendment, the committee contemplated an application of this rule solely to post-trial motions. In its report, the committee referred only to post-trial motions and a trial court's resolution of those motions, and stated in pertinent part:
Florida decision law has not been clear, particularly in multi-party cases, with respect to the effect of some, but not all, parties filing authorized post-trial motions and courts thereafter ruling upon some, but not all, of the motions pending before them.... As crafted, rule 9.020(g) would allow, in a multi-party situation, a single order to be "rendered" at different times depending upon when the trial court resolved authorized post-trial motions between particular parties.
In re Amendments to the Florida Rules of Appellate Procedure, 609 So.2d 516 (Fla. 1992) (Report of The Florida Bar Appellate Rules Committee at 2) (emphasis added).
In contrast, the motions permitted in an appellate proceeding follow the procedure set forth in rule 9.300. The tolling period for appellate motions is controlled by rule 9.300(b), which states in pertinent part:
[S]ervice of a motion shall toll the time schedule of any proceeding in the court until disposition of the motion.
Unlike rule 9.020(g)(1), this rule does not limit the tolling period to the parties participating in the motion. The rule is clear on its face that it suspends the time schedule of any and all proceedings irrespective of the movant.
We hold that appellate motions are governed by rule 9.300(b), and a district court's order is not "rendered" until there has been a disposition of all motions relative to that order. Accordingly, St. Paul's notice to invoke the discretionary jurisdiction of this Court was timely filed within thirty days after JUA's motion for rehearing was denied. Therefore, the motion to strike and to dismiss is denied.
It is so ordered.
KOGAN, C.J., and OVERTON, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] JUA was the primary carrier of Miami Children's Hospital.
[2] St. Paul administered claims for Miami Children's Hospital pursuant to its contract with JUA.